### In re HARRIS et al.

(District Court, W. D. Tennessee, W. D. August 1, 1902.)

#### No. 189.

1. BANKRUPTCY—COMPOSITION OF DEBTS
    Where the bankrupt and his creditors have agreed on a composition of his debts, without any agreement as to payment of the costs, neither can be compelled to pay them; but, in the absence of further agreement in regard thereto, the composition will fail, this being a matter entirely of agreement.

In Bankruptcy.

Hays & Biggs, for bankrupt.
E. S. Mallory, for creditors.

HAMMOND, District Judge. The bankrupt and his creditors have agreed on a composition of his debts at 50 cents on the dollar, and he has the money to deposit in bank under the rules of practice in that behalf. But their agreement did not comprehend the costs; that is to say, whether the costs are to be paid out of the $6,000 he has to deposit as the 50 per centum of his indebtedness, or are to be additionally paid by him. He was prepared to pay what is called the common or regular costs of the court, amounting to some $25, but not the receiver's and attorney's fees, amounting to about $400 more of costs. The court is asked to determine whether these costs are to be fully paid by the bankrupt, or out of the fund deposited for the creditors. But the court declines to decide any such question. Neither the creditors nor the bankrupt can be compulsorily made to pay these costs. Of course, the case cannot be closed and the composition confirmed until they are provided for, but this must be done by agreement between the parties. Composition is wholly a matter of arrangement by the bankrupt and his creditors, and the negotiations always should comprehend a disposition of all the costs, with a definite understanding of amounts and the method of their payment. If there be an attorney's fee not waived, the attorney should agree with the parties on the amount, or, if disagreed, application should be made to the court to fix the fee, and so of the receiver or the trustee; and with every item not distinctly fixed by the statutes or rules of practice, this should be done, as a preliminary of the composition agreement, and as a part of it. When the amounts are ascertained, the parties should agree whether the costs come out of the deposit for creditors, or whether the bankrupt provides an additional sum to meet costs. If he is to do this, he should bring the cost money with the other, to be deposited in court. It is all, however, purely a matter of agreement by negotiation, and the court will take no part in it by compelling either to do anything about it. It is a mistake to suppose that the statute requires the bankrupt, as a matter of law, to pay the costs in addition to what he agrees to pay the creditors. He is not obliged to pay the creditors anything whatever, nor the costs, and unless all the elements of the composition are mutually settled by the agreement they make, the technical and logical result is that the composition fails, or, rather, the attempt at composition fails, and the ordinary administration of the assets goes on as if there had been no attempt to compound the debts. The costs, then, come out of the assets, and practically out of the creditors, always being paid out of whatever fund is in court, unless otherwise agreed upon and provided for by the parties. Hence, the payment of the costs by the bankrupt under composition is in a proper sense voluntary.

Motion denied.