### In re GLICKMAN & PISNOFF.

(District Court, E. D. Pennsylvania.  September 22, 1908.)

#### No. 2,755.

BANKRUPTCY—DISCHARGE—EXTENSION OF TIME FOR FILING APPLICATION.
> A petition filed by a bankrupt more than a year after the adjudication, asking an extension of time for filing an application for discharge on the ground that he was unavoidably prevented from filing it within the year allowed therefor, is not evidence of the facts therein alleged, and on a reference of such petition they must be sustained by proof, although no formal answers may be filed thereto.

In Bankruptcy. On report of referee on petition to extend time for filing application for discharge.

Bernard Harris and William F. Berkowitz, for bankrupts.
Charles F. Stilz and Wessel & Aarons, for creditors.

J. B. McPHERSON, District Judge. The adjudication in this case was entered on March 11, 1907, but no application for a discharge was made until June 29, 1908. On that day a petition was presented to the court setting forth that the bankrupts had been—

" * * * unavoidably prevented from filing an application for discharge within 12 months from such adjudication, for the following reasons:

"(1) That on the 26th day of October, 1907, they signed a petition for discharge at the office of their attorney, said copy being hereunto attached, but at that time being unable to pay for the costs of advertising said notices of application for discharge, and of paying the postage necessary to send notice of the application for discharge to the various creditors, the matter remained in abeyance until the 22d day of June, 1908, when your petitioners appeared at the office of their attorney, and it was then discovered that the application for discharge had not been filed; and it was due in a great measure to oversight on the part of counsel for the petitioners that their attention had not been called to the necessity of filing said application within the 12 months from the date of the adjudication; and, furthermore, your petitioners were not in a position to pay the necessary costs prior to the 22d day of June, 1908."

The court thereupon sent the petition to the referee, instructing him to give at least 10 days' notice to all known creditors of the application of the bankrupts for leave to file their petition for discharge, and report to this court the action of the creditors thereon, and his recommendation at his earliest convenience. The action of the referee in obedience to the order of the court will appear by the following extract from his report, which was filed on August 12, 1908:

"Pursuant to said reference, I gave 10 days' notice to all known creditors of the bankrupts that a meeting would be held at my office, No. 701 Arcade Building, Philadelphia, on the 23d day of July, 1908, at 3 o'clock p. m. The above-named meeting was held at the time and place mentioned in said notice, and at the said meeting I was attended by one creditor and by two attorneys; one representing two firms of creditors, and one representing a single creditor. The creditor who appeared in person was indifferent, but was, however, willing that the application should be granted. One of the attorneys, representing two firms of creditors, opposed the application, and the other attorney stated he was not authorized to take any stand either for or against the application. The bankrupts themselves failed to appear. Their counsel asked for a continuance on the ground that he had not expected any opposition, and the bankrupts were without the jurisdiction. The referee did not consider that a legal ground for continuance, and therefore, refused the same.

"With respect to applications, the bankrupts were apprised more than 10 days in advance of the date set for the meeting of the time, place, and purpose for which the meeting was to be held. It was their duty to have been present and to have submitted themselves to examination with respect to the averments contained in their application. They had no right to anticipate that there would be no opposition, and to absent themselves. Meetings should not be multiplied without proper cause, thereby consuming unnecessarily the time both of the referee and the creditors. In addition to this, it does not appear from the petition that the petitioners were unavoidably prevented during the whole of the period in which the application for discharge should have been made. The ground alleged therefor is that on the day on which they signed the petition for discharge they were unable to pay the costs of advertising. The petition could have been filed without any payment whatever, and it does not appear from the petition that the bankrupts were unavoidably prevented from paying the costs of advertising on any other than 26th day of October, 1907. The petition is therefore defective. In re Harris and Algor (D. C.) 15 Am. Bankr. Rep. 705, 117 Fed. 575.

"And inasmuch as no testimony has been offered by the bankrupts, or either of them, to supply the above deficiency, the referee respectfully recommends that the prayer of the petition be refused."

This recommendation of the referee is objected to by the bankrupts on the ground "that the petition filed should have been taken as a verity, unless an answer was filed by opposing creditors, and that there was no necessity for the bankrupts to appear or give testimony unless such an answer were filed, and the prayer of the petition should have been granted." In my opinion the objection is not well taken. The petition required no answer. It merely asks the court for an extension of time within which to file the bankrupts' application for discharge, and it did no more than furnish a basis for the court's order, committing the subject-matter of the petition to the referee for examination and report. When the referee notified all parties to appear at a specified time and place, it became the duty of the bankrupts to obey the notice, and to sustain the burden that rested upon them, and this required proof that they had been unavoidably prevented from asking for a discharge within the year. Upon this subject the ex parte averments of their petition were not competent evidence.

Having failed, therefore, to establish the only statutory ground upon which an exception of time can be granted, the recommendation of the referee was fully justified. The petition of the bankrupts is accordingly refused.