WESTINGHOUSE ELECTRIC & MFG. CO. et al. v. OHIO BRASS CO.

(Circuit Court, D. New Jersey. February 10, 1911.)

1. PATENTS (§ 114*)—SUIT TO OBTAIN PATENT—LACHES.

The remedy· by bill in equity to obtain a patent which has been refused by the Patent Office, given by Rev. St. § 4915 (U. S. Comp. St. 1901, p. 3392), is·a part of the application for the patent, and is governed by the rule as to laches declared by Rev. St. § 4894 (U. S. Comp. St. 1901, p. 3384), which provides that the failure of an applicant to prosecute his application within one year after any action therein shall be regarded as an abandonment, unless it be shown that the delay was unavoidable.

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 166; Dec. Dig. § 114.*]

2. PATENTS (§ 114*)—SUIT TO OBTAIN PATENT—LACHES—UNAVOIDABLE DELAY.

An allegation in a bill to obtain the issuance of a patent under Rev. St. § 4915 (U. S. Comp. St. 1901, p. 3392), filed more than a year after the application was refused by the decision of the Court of Appeals of the District of Columbia in interference proceedings, that complainants brought suit within the year against the successful applicant, to whom the patent was granted, and learned for the first time after such suit had been pending for several months that the defendant had assigned the patent, whereupon that suit was dismissed and the present one was brought against the assignee, does not show that the delay was "unavoidable," within the meaning of Rev. St. § 4894 (U. S. Comp. St. 1901, p. 3384); there being no allegation that the assignment was not recorded, nor that complainants had no means of ascertaining the fact of the assignment.

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 166; Dec. Dig. § 114.*]

3. WORDS AND PHRASES—"UNAVOIDABLE DELAY."

A delay caused by negligence is 'not' "unavoidable."

In Equity. Suit by the Westinghouse Electric & Manufacturing Company, Harry P. Davis, and Theodore Varney against the Ohio Brass Company. On demurrer to amended bill. Demurrer sustained.

Wesley G. Carr, for complainants.

Brown & Hopkins, for defendant.

RELLSTAB, District Judge. The bill was filed on December 13, 1909, and is based on section 4915 of the Revised Statutes of the United States (U. S. Comp. St. 1901, p. 3392). Its purpose is to determine the right to a patent and to obtain the issuance thereof to the complainant Westinghouse Electric & Manufacturing Company.

The bill sets forth so far as is necessary to an understanding of the questions raised on this demurrer, that on or about the 8th day of May, 1906, the Commissioner of Patents declared an interference between the application of the complainants Davis and Varney for letters patent for improvements relating to supporting structures for trolley conductors and the application of one George A. Mead, the defendant's assignor, for letters patent for the same invention, which applications were then pending in the Patent Office; that said interference was decided by the examiner of interferences, the examiner

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

in chief, and the Commissioner of Patents in favor of said Davis and Varney; that upon appeal the Court of Appeals of the District of Columbia decided adversely to said complainants, and adjudged the said Mead to be entitled to said letters patent; that said Davis and Varney, prior to the making of their said application, had assigned their said invention and all their right, title, and interest therein to the said Westinghouse Electric & Manufacturing Company, and that the said Mead, on or about the 3d day of November, 1908, assigned to the defendant all his right, title, and interest in and to his said invention and the letters patent granted him therefor; that complainants, by reason of such adverse decision, have no remedy in connection with the prosecution of their claims for said invention, except that provided by the said section 4915.

On the hearing of a demurrer alleging, inter alia, that no satisfactory cause to comply with the requirements of section 4894, Revised Statutes (U. S. Comp. St. 1901, p. 3384), was stated for the delay in bringing suit, the complainants, upon leave given, amended their bill by adding that complainants, believing the said Mead to be the sole and exclusive owner of said letters patent, did on or about the 16th day of February, 1909, file a bill against him in the United States Circuit Court for the Western Division of the Northern District of Ohio, under the provisions of said section 4915, praying the issue of letters patent to the Westinghouse Electric & Manufacturing Company, upon said application of Davis and Varney; that the time for the filing of defendant's pleading was thrice extended upon Mead's request; that by the defendant's answer, filed on or about the 12th day of July, 1909, complainants were advised for the first time that the letters patent for the invention in controversy, subsequent to the issue thereof, had been assigned to the Ohio Brass Company, defendant in the present suit; that upon the 11th day of September, 1909, complainants moved for leave to amend their bill of complaint to include the said Ohio Brass Company as party defendant; that such motion was denied on the 6th day of October, 1909; and that on the 5th day of January, 1910, the said suit was dismissed. Their prayer is that the said Davis and Varney may be adjudged to be the first and true inventors of said invention, and that a decree may be entered whereby the said Westinghouse Electric & Manufacturing Company may be enabled to obtain the issuance of letters patent upon said invention.

Sections 4894 and 4915, Revised Statutes, are as follows:

4894: "All applications for patents shall be completed and prepared for examination within one year after the filing of the application, and in default thereof, or upon failure of the applicant to prosecute the same within one year after any action therein, of which notice shall have been given to the applicant, they shall be regarded as abandoned by the parties thereto, unless it be shown to the satisfaction of the Commissioner of Patents that such delay was unavoidable."

4915: "Whenever a patent on application is refused, either by the Commissioner of Patents or by the Supreme Court of the District of Columbia upon appeal from the Commissioner, the applicant may have remedy by bill in equity; and the court having cognizance thereof, on notice to adverse parties and other due proceedings had, may adjudge that such applicant is entitled, according to law, to receive a patent for his invention, as specified in his

claim, or for any part thereof, as the facts in the case may appear. And such adjudication, if it be in favor of the right of the applicant, shall authorize the Commissioner to issue such patent on the applicant filing in the Patent Office a copy of the adjudication, and otherwise complying with the requirements of law. In all cases, where there is no opposing party, a copy of the bill shall be served on the Commissioner; and all the expenses of the proceedings shall be paid by the applicant, whether the final decision is in his favor or not."

[1] The demurrer must be sustained on the third ground assigned, which reads as follows:

"That the said complainants have, in and by their said amended bill of complaint, made and stated such a case as would bar a court of equity from granting any relief under section 4894, Revised Statutes, as amended by act approved March 3, 1897."

The failure of the complainants to institute the present proceedings within one year after the last official action, on their application for letters patent, viz., the adverse decision of the Court of Appeals of the District of Columbia, is a bar to such proceedings. The bill, as amended, does not state the time of such adverse decision; but it alleges that Mead assigned his said letters patent to the defendant on or about November 3, 1908, and as the bill in this case was not filed until December 13, 1909, and the remedy by bill in equity given by section 4915 is a part of the application for the patent, and is governed by the rule as to laches declared by section 4894 (Gandy v. Marble, 122 U. S. 432, 7 Sup. Ct. 1290, 30 L. Ed. 1223), the complainants are barred from maintaining their bill, unless the delay in filing it was unavoidable.

The right to retry the merits of an application for a patent, by bill in equity, after the tribunals in the Patent Office and the Court of Appeals have passed upon the original application, is purely statutory, and is subject to such restriction as Congress may prescribe. There is a time when the successful litigant is entitled to the full fruits of his victory. In controversies over alleged invention, Congress has declared that a failure to prosecute an application for a patent within one year after action thereon constitutes an abandonment of such application, unless the delay was unavoidable.

[2] The delay was not unavoidable. The excuse pleaded is that complainants were not aware that the defendant was the owner of the letters patent until the year had expired. But such lack of knowledge was not unavoidable. "Unavoidable," as defined by the lexicographers, means inevitable; a condition of affairs impossible to avert. Perhaps the word as here used is not to be given such a strict meaning; but certainly it was intended to penalize a year's delay due simply to negligence. The legislative purpose was to spur the litigants to activity. To delay without cause, or, when the cause is completely within the control of the party charged with the duty to act, the failure to so act, is neglect, and negligence is antithetical to unavoidableness. Ample provision is made in the Patent Office for the recording of assignments of patents. While such recording is not positively enjoined, section 4898, Revised Statutes (U. S. Comp. St. 1901, p. 3387),

declares that such assignment shall be void as against any subsequent purchaser or mortgagee for a valuable consideration, without notice, unless it is recorded in the Patent Office within three months from the date thereof.

The bill does not allege that the assignment to the defendant was not recorded, or that the complainants had no means of ascertaining whether such patent was assigned. As the burden is upon the complainants to show that the delay in instituting the present proceedings was unavoidable, in the absence of proper contrary averments, it is to be presumed that, if they had made the proper inquiries, the fact of assignment would have been made known to them. Their lack of knowledge, therefore, is not due to conditions over which they had no control, but to their negligence in not seeking knowledge of the exact condition of the title. Not having sought information, their negligence in this respect is as culpable as if they had knowledge and disregarded it. In Lay v. Indianapolis Brush & Broom Mfg. Co., 120 Fed. 831, 836, 57 C. C. A. 313, 318, in answer to the insistence of counsel that an attorney's negligence would constitute unavoidable delay, the court said:

"The other assumption is that, if the complainants failed in their application through the negligence of their attorney, the delay would be unavoidable, which is wholly unwarranted in the law. It is of the very nature of negligence that it should not be unavoidable; otherwise, it would not be actionable. The negligence of the attorney would be the negligence of the principal. The purpose of the statute was to put an end to such pleas, and there would be no limit to a renewal of these applications, if every application, however remote, could be considered under the plea of negligence of attorneys, by whom their business is generally conducted."

In that case, the attorney's negligence was imputed to the principal. In this case, it is not even asserted that the failure to know of the assignment was due to the negligence of some person other than the complainants.

[3] Failure to prosecute within the year because of clerical error in noting the dates, mistaking the remedy to obtain a new hearing, sickness for only a part of the limited period, mislaying the papers, as well as neglect of the attorney to prosecute, contrary to desire of applicant, have been held by the Patent Office tribunals as not unavoidable. Ex parte Warren, 96 O. G. 2410; Ex parte Collins, 97 O. G. 1372; Ex parte Bohlecke, 97 O. G. 2743; Ex parte Fritts, 101 O. G. 1131; Ex parte Beecher, 101 O. G. 1132; Ex parte McElroy, 101 O. G. 2823; Ex parte Miller, 105 O. G. 2057; Ex parte Marconi, 108 O. G. 796; Ex parte Clausen, 118 O. G. 838; Ex parte Block, 119 O. G. 963; Ex parte Hess, 126 O. G. 3041.

A like meaning as herein attributed is given to the same word found in section 14a of the bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 550 [U. S. Comp. St. 1901, p. 3427]), relating to the discharge of bankrupts. In this subdivision it is provided that the application for a discharge must be filed within 12 months next subsequent to the adjudication, unless it is made to appear that he was unavoidably

prevented from filing it within such time. In re Lewin, 135 Fed. 252, 14 Am. Bankr. Rep. 358; In re Harris and Algor, 117 Fed. 575, 15 Am. Bankr. Rep. 705; In re Glickman & Pisnoff, 164 Fed. 209, 21 Am. Bankr. Rep. 171.

Nor did the institution of proceedings within the year in the United States Circuit Court for the Western Division of the Northern District of Ohio satisfy the requirement of section 4894. That requirement is to prosecute the application, and that presupposes that action be taken in the right tribunal and against the right party. In Hayes-Young Tie Plate Co. v. St. Louis Transit Co., 137 Fed. 80, 82, 70 C. C. A. 1, 3, it was said that:

"Abandonment of an application destroys the continuity of the solicitation of the patent. After abandonment, a subsequent application institutes a new and independent proceeding."

The action in the Ohio circuit having been dismissed because the necessary party to defend was not brought into court, it is as if. it had never been instituted, so far as the present action is concerned.

The demurrer is sustained, and the bill dismissed.