### In re WIENER.

#### (District Court, E. D. New York. October 6, 1914.)

BANKRUPTCY (§ 378*)—COMPOSITION—FAILURE—DEPOSIT—FUNDS OF THIRD PERSON—EXPENSES—DEDUCTION.

Since a deposit to perform a composition must be made by the bankrupt, and if a third person advances the money to the bankrupt to make the deposit, such advancement is without any possible reservation or claim, except through the bankrupt, the deposit in case the composition fails is liable for the expenses incident to, and substantially occasioned by, the stay which the bankrupt obtained by reason of the composition proceedings, but not for expenses incurred by delay due to the opposition of creditors to the composition.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 601; Dec. Dig. § 378.*]

In Bankruptcy. In the matter of bankruptcy proceedings of David Wiener. On application to withdraw funds of a third person deposited to perform a proposed composition. Granted conditionally.

See, also, 215 Fed. 278.

CHATFIELD, District Judge. The court has previously ruled that a deposit, made for the purpose of carrying out an offer *by the bankrupt* of a composition with his creditors, is liable for the damages or

expense to the estate occasioned by the offer of composition, and which would not have been incurred by the estate if the offer had not occasioned substantially a stay of all proceedings.

The attention of the court has been called to the case of In re Harris (D. C.) 117 Fed. 575, in which the court holds that the payment of costs and the settlement of the debts by an offer of composition is a matter of agreement between the bankrupt and his creditors. Hence, if the composition fails, the ordinary administration of the assets must go on, including a payment of the costs of the bankruptcy proceeding. But this court is unable to conclude therefrom that expenses incident to and substantially occasioned by the stay which the bankrupt can obtain under the terms of the statute, if he makes oath that in his opinion a composition will be favorably acted upon by his creditors, should be borne by the creditors, to the extent at least that the bankrupt may have been negligent, or may have been seeking to benefit himself at his creditors' expense, or even attempted to defraud the creditors and the court. It is evident that if all the property of a bankrupt be surrendered as of the date of adjudication, and thereafter he make an offer of composition, the property or money deposited for the purposes of the composition must be after-acquired property, or be received from a third party, unless a part of the estate be used with the approval of the court.

The bankrupt in this case and the third party who loaned him the money for the purpose of a composition raise the objection that to apply the property of this third party to pay the expenses of certain acts occasioned by the bankrupt would be unconstitutional, in that it would be the taking of the property of that third party without due process of law. Inasmuch as the *deposit* has to be made by the *bankrupt,* and as the person advancing to him the money advances it without any possible reservation of claim, except as he claims through the bankrupt, there is no force to the contention, and the only ground of debate is a consideration of what amount should be determined as damages incident to acts for which the bankrupt should be held responsible.

This question was referred to a special commissioner, who has reported that the sum of $742.37, claimed by the receiver for custodian's fees, rent, board of horses, etc., during the period from the original date of sale to the final date of sale, should be reduced by such of those expenses as were incurred within 12 days immediately preceding the actual sale. These 12 days are supposed to be those in which a new sale could be properly arranged for.

The receiver objects to any deduction, on the ground that an equivalent period of 12 days was allowed by him at the beginning of the period and after he had closed down the store. No revenue was coming in, and a sale or composition were the only possible results. But it is not possible to include these 12 days' expenses, inasmuch as the bankrupt seems to have made the offer in good faith, and the cost of a second period of advertising would not be an unreasonable charge against the estate. Further than this, it is apparent from the record that the bankrupt was prevented, for the greater part of the period during which the sale was adjourned, from completing his composition, by the opposition of one creditor, whose objections have had the effect

of causing the estate to receive upon a sale barely one-half of the amount offered in the form of a composition.

Under these circumstances, the only part of the expense for which the bankrupt would seem to be liable would be that occasioned by his failure to bring on the specifications of objections for hearing. If he failed to do this from lack of funds, then the third party, whose money was at stake, might better have incurred the risk of seeing the matter through, than to have applied to the court for leave to be paid back the amount of the deposit, for he should have known that some expense would be attendant upon the latter course. No suggestion is made that the bankrupt abandoned the composition because the specifications of the objecting creditor might produce better terms for the creditors, and the court must assume that the bankrupt finally abandoned the composition because of the delay, or because he would be better off without the composition.

Prior to favorable report on the offer of composition, the receiver should have demanded security from the bankrupt if a stay were asked, and after the composition was dropped an order for sale should have been entered at once. If the matter be viewed from this standpoint, the expense from the day when the composition was approved, viz., the 30th day of March, 1914, to the date when a sale could have been ordered after April 27, 1914, should be taken as the actual period for which the bankrupt is responsible for the expenses. This is substantially one month, and the expenses therefor amount to $247.45.

This amount will be paid to the trustee by the clerk of the court, and the balance of the funds deposited for the purpose of the composition returned to the bankrupt.