Robinson, J.
 

 This action is based upon an alleged breach of a contract of lease to deliver up the premises, at the end of the term, in as good order as they were at the time of the execution of the lease, “damage by fire and other unavoidable casualty excepted.”
 

 It may here be noted that two actions were instituted between the same parties, growing out of the destruction by fire of the leased premises — this action and one in tort. The discussion of this ease will be confined to the alleged breach of the covenant of the lease, without prejudice to the rights of the parties in the action
 
 ex delicto
 
 pending in the court below. In other words, the discussion will be confined to the rights of the lessors conferred by the covenants of the contract, as distinguished from the rights existing independent of the contract.
 

 It must be conceded that the phrase “fire and other unavoidable casualty” is ambiguous. It can be clarified only by transposing the word “unavoidable” or by disregarding the word “other.” In interpreting that phrase, in the instant case, we have not the benefit of any circumstances of the parties,
 
 *352
 
 or other provision of the lease. We are informed by the petition and the statement that the lease was for a period of ten years, and that during the tenth year of the term the property was rendered untenantable by fire, and was surrendered by the lessee without the fire damage being repaired and without compensation for the fire loss being made; that the lessors carried insurance on the property and collected certain insurance on account thereof, but not sufficient to pay for the entire loss.
 

 The contrary views of the two lower courts in this case and the confusion that has obtained in other jurisdictions in the interpretation of similar language is largely due to a divergent conception of the sense in which the word “unavoidable” is used. Clearly the Court of Appeals gave to the word the meaning of “free from negligence,” and, having given the word that definition, reached the conclusion that it could not have been the intention of the parties to the contract to exempt the lessee from liability for negligence, and therefore the transposing of the word “unavoidable” from its position before “casualty” to a position before “fire” would not enlarge the liability of the lessee; and when the plaintiffs below stated that they would prove that the fire was not unavoidable, they in effect stated they would prove that the fire was caused by the negligence of the lessee, and, since the parties had contracted with reference to negligence, that that question should be litigated in this case; which, if the major premises were right, would be perfectly logical. We, however, do not find any lexicographer so defining the word “unavoidable” as to permit such an interpretation. Webster’s In
 
 *353
 
 temational Dictionary defines “unavoidable” as: (1) Not voidable, incapable of being shunned or prevented, inevitable, necessary; (2) not voidable, incapable of being made null or void — the latter credited to Blackstone. The Century Dictionary defines it as: (1) Incapable of being made null or void; (2) not voidable, not to be shunned, inevitable.
 

 We do find Bouvier in his Law Dictionary, which is in the nature of a digest rather than a lexicon, defining “unavoidable casualty” as: “Events or accidents which human prudence, foresight, and sagacity cannot prevent,” citing
 
 Crystal Springs Distillery Co.
 
 v.
 
 Cox,
 
 (C. C. A.), 49 F., 555;
 
 Welles
 
 v.
 
 Castles,
 
 3 Gray (Mass.), 325. “If by any care, prudence or foresight a thing could have been guarded against, it is not unavoidable.”
 
 Central Line of Boats
 
 v.
 
 Lowe,
 
 50 Ga., 509. “An unavoidable accident is synonymous with inevitable accident.” “Unavoidable delay. A delay caused by negligence is not unavoidable. ’’
 
 Westinghouse Electric & Mfg. Co.
 
 v.
 
 Ohio Brass Co.,
 
 (C. C.), 186 F., 518.
 

 As distinguished from the definitions of “unavoidable casualty” and “unavoidable delay,” this same author describes “unavoidable accident” as “an inevitable accident which could not have been foreseen and prevented by using ordinary diligence, and resulting without fault,” citing
 
 United States
 
 v.
 
 Kansas City Southern Ry. Co.,
 
 (D. C.), 189 F., 471. An “unavoidable cause” is “a cause which reasonably prudent and careful men, under like circumstances, do not and would not ordinarily anticipate, and whose effects, under similar circumstances, they do not and would not ordinarily avoid,” citing
 
 Chi
 
 
 *354
 

 cago, B. & Q. Rd. Co.
 
 v.
 
 United States,
 
 (C. C. A.), 194 F., 342.
 

 It will be seen that Bonvier’s definitions of “unavoidable casualty” and “unavoidable delay” are wholly inconsistent with his definitions of “unavoidable accident” and “unavoidable cause,” and the inconsistency appearing in the Bouvier definitions but exemplifies the two lines of interpretation upon which the courts have divided. A review of the cases, while interesting, would not be helpful in the disposition of this case.
 

 Giving to the word “unavoidable” in the clause under consideration the definition of the lexicographers, and transposing it from its position before “casualty” to a position before “fire,” would by interpretation make the contract of the lessee one to respond to the lessors for all fire damage to the leased premises, except damages resulting from such fires as have been occasioned by an act of God, or some force wholly beyond the control of the lessee —a contract which would obligate the lessee not only to exercise a higher degree of care and prudence than ordinary, but also impose upon him the affirmative duty to employ every possible means to prevent a loss by fire, and constitute him an insurer against fire in the broad sense of the word — an improvident undertaking which the lessee might intentionally enter into, but which ought not to be imposed upon him by judicial interpretation; and it should not be so held unless it may be fairly inferred from the contract itself, from the circumstances of the execution of the contract, or from his own interpretation of the contract, that such was his intention.
 

 We do not attempt to fathom the process of rea
 
 *355
 
 soning which induced the insertion of the word “other” before the word “unavoidable” in the clause here under consideration. We are inclined to believe that it was inserted originally without logic, and has been followed in the printed forms without purpose, and that to disregard it will more nearly express the intention of the parties to the contract than to transpose the word “unavoidable” and thus create an obligation that it is improbable the lessee ever intended to assume.
 

 Judgment of the Court of Appeals reversed and judgment of the common pleas court affirmed.
 

 Marshall, C. J., Jones, Matthias, Day, Allen and Kinkade, JJ., concur.