**LIBERTY MUTUAL FIRE INSURANCE COMPANY, Appellant,**

**v.**

**JEFFERSON FAMILY FAIR, INC., et al., Appellees.**

Court of Appeals of Kentucky.

Feb. 21, 1975.

Rehearing Denied April 25, 1975.

Kenneth L. Anderson, William A. Blodgett, Jr., Woodward, Hobson & Fulton, Armer H. Mahan, Davis & Mahan, Louisville, for appellant.

Kenneth S. Handmaker, Bernard B. Davis, Handmaker, Weber & Meyer, Louisville, for appellees.

PALMORE, Justice.

As insurers of the landlord, the appellant insurance companies assert subrogation claims against the tenant of a shopping-

center building destroyed by a fire which allegedly resulted from the tenant's negligence. They appeal from a judgment determining that under the lease contract the tenant was not liable to the landlord and therefore is not liable to the insurers.

The lease covered a basic term of 20 years. Paragraph 3 obligated the landlord during the first year to make any and all repairs not occasioned by the tenant's negligence and during the entire term to make all repairs to the roof and exterior walls not occasioned by the tenant's negligence. Paragraph 15 required the tenant to surrender the premises at the end of the term in good condition, "reasonable wear and tear and fire and other unavoidable casualty excepted." The critical provision of the lease is paragraph 7, entitled "Insurance, Destruction, Duty to Rebuild," which provided in part as follows:

(a) "The Lessor . . . will keep the demised premises insured as Lessor's and Lessee's interest may appear . . . against loss by fire with full extended coverage . . . ."

(b) "If . . . the demised premises are totally or substantially destroyed by fire . . . Lessee may cancel this lease without further liability whatsoever. . . . In the event that Lessee does not exercise its right to cancel . . . it will immediately amend this Lease, renewing and extending the original term thereof to a full twenty (20) years from the date of the opening of its restored premises for business . . . . Lessor shall forthwith . . . restore said premises to substantially the same condition as existed prior to the casualty."

Following the destruction of the building the landlord collected from the appellant companies under their respective policies of fire and rent insurance, and the tenant exercised its right to terminate the lease.

Representatives of the landlord and the tenant testified that the intent of the lease contract was that in the event of destruction by fire, whether or not caused by the tenant's negligence, the landlord's sole recourse would lie in the insurance purchased in accordance with paragraph 7. We reach the same conclusion without considering or deciding upon the propriety of this extrinsic evidence.

Albeit the facts were in some respects dissimilar to those in this case, we are persuaded by the rationale expressed in Cerny-Pickas & Company v. C. R. Jahn Company, 7 Ill.2d 393, 131 N.E.2d 100 (1956). Had the tenant been a named insured the fire insurer would have been obliged to pay the loss without regard to the negligent origin. Even though the tenant was not so named, there can be no doubt that the insurance was for its benefit as well as for the landlord's. It assured the means by which the building could be restored if the tenant elected not to terminate the lease. Had it not been for the benefit of both parties there would have been no reason to provide for it in the lease.

Ordinarily we have found it helpful to construe written material literally if when so read it makes sense. Here the parties to a contract agreed that in the event of a destruction of the leased building by fire the tenant could terminate the lease "without further liability whatever." "Whatever," as we read the word, means "of any kind"—contract, tort or anything else. This explicit language, in a paragraph directed and confined exclusively to insurance and fire loss, overrides any ambiguity in the words, "fire and other unavoidable casualty" as used in paragraph 15 of the lease. Cf. Day Wood Heel Co. v. Rover, 123 Ohio St. 349, 175 N.E. 588 (1931).

The judgment is affirmed.

All concur.