Helen J. Leavitt, Plaintiff-Appellant, v. Ben Kostel and Bessie Kostel, Doing Business as Kostel Shoe Co., Defendants-Appellees.

Gen. No. 47,982.

First District, First Division.
October 16, 1961.

Alvin I. Weinstein, of Chicago, for appellant.

Edward M. Platt, of Chicago, for appellees.

MR. JUSTICE ENGLISH delivered the opinion of the court.

Plaintiff appeals from an order striking her second Amended Statement of Claim and dismissing her suit.

In her original Statement of Claim plaintiff (landlord) alleged that defendants (tenants) had breached their contractual obligation to maintain the premises in good repair and had negligently permitted the destruction of the building's heating plant.

A Motion to Strike was allowed and the Statement of Claim was amended by deleting the charge of negligence and specifying that the cause of the heating plant's destruction had been a fire on March 29, 1958.

Confronted with a Motion attacking this pleading also, plaintiff obtained leave to file a second Amended

* See Callaghan's Illinois Digest, same topic and section number.

315

Statement of Claim.* This claim sounds in contract, alleging that the lease obligated defendants to maintain the premises in good repair; that the heating plant was destroyed by an explosion on February 2, 1958 (rather than by the fire of March 29, 1958); that plaintiff repaired the heating plant on February 5, 1958 at a cost of $2,296.74 and suffered damages in that amount when defendants refused to reimburse her.

Another Motion to Strike was filed and, after full hearing, was allowed. In its order the trial court also denied leave to file a further Amended Statement of Claim and dismissed plaintiff's suit. Appeal is taken from that order.

The lease contains the following provision:

> *Fifth.* Lessee shall keep the said premises and appurtenances thereto in said demised premises in a clean, sightly and healthy condition, and in good repair, all according to the statutes and ordinances in such cases made and provided, and the directions of public officers thereunto duly authorized, all at his own expense, and shall yield the same back to Lessor upon the termination of the said lease whether such termination shall occur by expiration of the term, or in any other manner whatsoever in the same condition of cleanliness, repair and sightliness as at the date of the execution hereof, loss by fire and reasonable wear and tear excepted.

It is this sentence which plaintiff relies upon as furnishing the basis for defendants' liability. She also contends that the exculpatory clause contained therein

---

* This action was taken, presumably, in recognition of the formidable obstacles imposed by paragraph Fifth of the lease (set forth later in this opinion) in conjunction with the decision in Cerny-Pickas & Co. v. C. R. Jahn Co., 7 Ill2d 393, 131 NE2d 1000.

applies only to a fire and avails defendants nothing in the case of an explosion as alleged in the second Amended Statement of Claim.

■ ■ The undertaking of the tenants to yield back the premises at the termination of the lease is a customary clause which, insofar as it excepts reasonable wear and tear, is expressive of the common law. We accept plaintiff's position that the additional exception as to fire does not include explosion, but question whether or not that makes it determinative of the parties' rights in this case. We think not.

■ ■ In the absence of an express covenant, a tenant has no obligation to repair. (Junction Min. Co. v. Springfield Junction Coal Co., 222 Ill 600, 78 NE 902; 24 ILP 480.) Defendants' agreement to keep the premises "in a clean, sightly and healthy condition, and in good repair" covers only ordinary repairs or those which may be required by statute or ordinance, and does not extend to the replacement or rebuilding of a major facility such as a heating plant. (John Morris Co. v. Southworth, 154 Ill 118, 39 NE 1099.)

Plaintiff states in her brief that in reliance upon the terms of paragraph *Fifth* she had insured the premises only against fire, and not against explosion. We can sympathize with plaintiff's position in this regard, but find in it no legal basis for imposing liability on the tenants. Being uninsured against explosion, it is probable that plaintiff was also uninsured against windstorm, hail, riot, vehicles, and other risks usually included in "extended coverage" insurance. The tenants would certainly not be required to rebuild the premises if they were destroyed by falling jet aircraft, for example, yet such would have to be the result if, as plaintiff urges, we were to consider the exculpatory provision of paragraph *Fifth* as an all-inclusive declaration of the tenants' rights in this regard.

317

Furthermore, the "yield back" provision relied upon by plaintiff is conditioned upon the termination of the lease, an event which is not alleged to have taken place in any reasonable reference to the explosion of February 2, 1958 or the replacement of the heating plant by plaintiff three days later.

It is alleged that on March 29, 1958 the premises were destroyed by fire and that, under paragraph *Tenth* of the lease, plaintiff exercised her option to terminate the lease on May 1, 1958. As of that date, however, the premises, including the new heating plant, had been destroyed by a fire (not alleged to have had any connection with the earlier explosion) and defendants were expressly relieved of repairing by the "yield back" provision excepting "loss by fire."

Paragraph *Tenth,* referred to above, provides:

> *Tenth.* In case said premises shall be rendered untenantable by fire, explosion or other casualty, Lessor may, at his option, terminate this lease or repair said premises within sixty days. If Lessor does not repair said premises within said time, or the building containing said premises shall have been wholly destroyed, the term hereby created shall cease and determine.

██ ██ Every contract must be construed as a whole. Thus, paragraph *Fifth* of the lease is made subject to the provisions of paragraph *Tenth* and they must be read together in determining the contractual intent of the parties. We must favor a construction which would regard neither paragraph as superfluous. (Lewis v. Real Estate Corp., 6 Ill App2d 240, 127 NE2d 272; Cerny-Pickas & Co. v. C. R. Jahn Co., 7 Ill2d 393, 131 NE2d 100.)

The effect of paragraph *Tenth* was to give the landlord the option to repair or terminate, which she

318

chose to exercise after the explosion by replacing the heating plant. This action on her part prevented the "yield back" provision from becoming effective (there being no termination) and continued the lease in effect.

■ Under a similar lease provision and almost identical facts (explosion of a boiler), it was held in John Morris Co. v. Southworth, 154 Ill 118, 39 NE 1099, that the reservation of such an option by the landlord, coupled with his subsequent election to repair, rendered such a casualty loss one for which the landlord had assumed the obligation to pay. The plain meaning of the lease clauses in the instant case compels us to reach the same conclusion.

We hold, therefore, that the second Amended Statement of Claim was properly stricken, and there remains in question, then, only the propriety of the trial court's denial of leave to file a further Amended Statement of Claim.

■ The allowance of amendment to pleadings is a matter within the discretion of the trial court and its exercise will not be disturbed on review except for manifest abuse. (Deasey v. City of Chicago, 412 Ill 151, 105 NE2d 727.)

■ Considering that the Statement of Claim stricken was the third pleading presented in an effort to state a cause of action; that allegations in the various claims had covered serially tort and contract, fire in March, explosion in February, etc., it is our conclusion that the ruling of the trial court was not arbitrary, but, rather, served the ends of justice. (Old Salem Chautauqua Ass'n v. Illinois Dist. Council Assembly of God, 13 Ill2d 258, 148 NE2d 777.)

Having decided this appeal on the issues raised by the parties in their briefs, we do not decide the questions presented in defendants' motion to dismiss the appeal, which motion was taken with the case.

319

The order of the Municipal Court of Chicago striking plaintiff's second Amended Statement of Claim, denying leave to amend, and dismissing her suit, is hereby affirmed.

Affirmed.

MURPHY, P. J. and BURMAN, J., concur.