WINDSOR AT SEVEN OAKS, Plaintiff-Appellant, *v.* LYNN A. KELLY, Defendant-Appellee.

Third District   No. 82—611

Opinion filed April 14, 1983.

John G. Sahn, of Leiter, Leiter & Sahn, of Peoria, for appellant.

James E. Swanson and Joseph M. Gibson, both of Peoria, for appellee.

JUSTICE BARRY delivered the opinion of the court:

The plaintiff, Windsor at Seven Oaks, appeals from a summary judgment granted to the defendant, Lynn A. Kelly. The plaintiff brought suit against Kelly to recover for damage resulting from a fire

in the apartment Kelly leased from the plaintiff. We affirm.

The facts of the case are not disputed. Kelly was a tenant in the plaintiff's building. A fire which damaged the appliances in Kelly's apartment was caused by Kelly's negligence. The only issue before the lower court was whether Kelly was liable for the damage created by the fire.

A discussion of this issue requires consideration of the relevant portions of the lease between the plaintiff and the defendant. Paragraph 6 of the lease provided that "*** upon termination of this lease in any way, Lessee will immediately yield up the Apartment to the Lessor in as good condition as when the same was entered upon by Lessee, ordinary wear and tear excepted, and shall then return keys to Lessor." Paragraph 9 of the lease provided that "The Lessee will, in the case of fire or other casualty, give immediate notice thereof to Lessor, who shall, at its option, terminate the lease or make the required repairs to the Apartment. ***" Finally, paragraph 11 of the lease provided in relevant part that the lessor "*** shall not be liable for any damage done or occasioned by or from plumbing, gas, water, steam, or other pipes, sewerage, or the bursting, leaking or running of any cistern, tank, washstand, water-closet or wastepipe, in, above, upon or about said building or Apartment, *** The Lessee further understands and agrees that it shall be the Lessee's own obligation to insure his personal property located in the Apartment, ***."

An exculpatory clause in a lease exempts a lessee from common law liability for loss by fire resulting from the lessee's negligence. (*Ford v. Jennings* (1979), 70 Ill. App. 3d 219, 387 N.E.2d 1125.) The intention of the parties in establishing liability is to be determined by considering the lease as a whole. (*Cerny-Pickas & Co. v. C. R. Jahn Co.* (1955), 7 Ill. 2d 393, 131 N.E.2d 100.) The defendant is therefore exempted from liability for the loss to the plaintiff if her lease exculpates her.

The provisions of the defendant's lease demonstrate that the parties did not intend that the defendant be held liable for the damage to the plaintiff's property caused by the fire. Under paragraph 9 of the lease, the defendant has no contractual duty to repair the premises in the event of a fire. We note that paragraph 9 does not distinguish between fires where the origin is caused by the defendant's own negligence and those of other origins. The lease provides that in the event of a fire, it is the plaintiff's choice to either repair or terminate the lease. The plaintiff's options under the lease remain the same, regardless of the cause of the fire. The obligation to repair, regardless of the cause of the fire, is the plaintiff's. If the lease is terminated as a

result of damage by fire, termination should act as a final resolution of all rights of the parties.

The provisions of paragraph 11 support our interpretation of the lease. In paragraph 11, the plaintiff expressly exempts himself from liability for damage due to various disorders or malfunctions either within or outside of the building. Damage by fire, however, is not included within the exemption.

The language of the lease provisions pertaining to insurance supports our conclusion as well. The relevant paragraphs in the lease are paragraphs 8 and 11. Paragraph 11 directs that the defendant insure her personal property. There is no requirement that the defendant insure the apartment itself. Paragraph 8, on the other hand, directs that the defendant not allow the apartment to be used for "any purpose that will increase the rate of insurance thereon ***." This language clearly demonstrates that it is the plaintiff and not the defendant who is to be the insurer of the plaintiff's property.

This allocation of the obligation to insure was discussed by the Illinois Supreme Court in *Cerny-Pickas & Co. v. C. R. Jahn Co.* (1955), 7 Ill. 2d 393, 131 N.E.2d 100. The court in *Cerny-Pickas* was presented with facts similar to those in the instant case. A commercial tenant, through its own negligence, started a fire which damaged the landlord's building. The court in *Cerny-Pickas* noted that if the tenant were to be held liable for damage due to the fire, it would be necessary for both landlord and tenant to carry fire insurance. The court reasoned that under the construction of the lease urged by the landlord, it would be necessary for both parties to the lease to carry fire insurance. The tenant would have to insure against fires due to his negligence, and the landlord insure against fires due to other causes. It is well established in Illinois that it is desirable to avoid a construction of a lease which would require both parties to the lease to carry fire insurance if they are to be protected. (*Stein v. Yarnall-Todd Chevrolet, Inc.* (1968), 41 Ill. 2d 32, 241 N.E.2d 439; *Barr v. Cutler* (1978), 64 Ill. App. 3d 518, 381 N.E.2d 413.) It is similarly well recognized that the cost of insurance to a landlord or the value of the risk is made a part of the rental to be paid by the tenant. In practical effect, the tenant pays the costs of the landlord's fire insurance. *Cerny-Pickas & Co. v. C. R. Jahn Co.* (1955), 7 Ill. 2d 393, 131 N.E.2d 100.

Finally, the language of a lease will be construed against the party who drafted it. (*Barr v. Cutler* (1978), 64 Ill. App. 3d 518, 381 N.E.2d 413.) Where a landlord has drafted the lease, a court will not impose a responsibility upon the tenant unless the circumstances and the contract clearly indicate that the tenant intended to assume such a re-

sponsibility. 64 Ill. App. 3d 518, 520.

We find no indication in the lease before us that the defendant intended to assume liability for damage caused by fires resulting from her own negligence. Based upon the language of the lease between the parties in the instant case and the principles of law established in the cases cited above, we hold that, as a matter of law, the defendant was not liable for the damages claimed by the plaintiff.

The judgment of the circuit court of Peoria County is therefore affirmed.

Affirmed.

STOUDER, P.J., and SCOTT, J., concur.