THE FIRST NATIONAL BANK OF ELGIN, as Trustee, *et al.*, Plaintiffs-Appellants, v. G.M.P., INC., Defendant-Appellee.

Second District   No. 2—86—0036

Opinion filed October 29, 1986.

Ronald O. Roeser, of Roeser, Vucha & Carbary, of Elgin, for appellants.

Gregory G. Lawton, Jay S. Judge, and Kristine A. Karlin, all of Judge & Knight, Ltd., of Park Ridge, for appellee.

JUSTICE UNVERZAGT delivered the opinion of the court:

Plaintiff, First National Bank of Elgin, as trustee of certain real property located in South Elgin, and plaintiff, Charles W. Cornwell, as beneficiary under that trust, brought this action against defendant, G.M.P., Inc., to recover rent and damages sustained as a result of a fire which destroyed the building located on plaintiffs' property. Judgment was entered on the rent issue in favor of plaintiffs, and that judgment is not involved in this appeal. Judgment on the pleadings was entered in favor of the defendant on the issue of damages to the building. Plaintiffs appeal from that judgment.

Plaintiffs were lessors of a commercial building located in South Elgin. They leased the first floor of the building to defendant on July 26, 1976. Thereafter, on October 7, 1977, they agreed to lease the second floor to the defendant for an additional amount of rent. A fire, which began when one of the defendant's employees was working with flammable chemicals, destroyed the building on March 17, 1978. Plain-

tiffs sued to recover for rent due and to recover damages for the loss of the building. On July 6, 1984, the court granted judgment on the pleadings for defendant on the issue of damages for the loss of the building. The cause proceeded to trial on the issue of rent, and on June 17, 1985, judgment was granted for plaintiffs. Plaintiffs' request for interest and attorney fees was granted. Plaintiffs appeal from that part of the judgment favorable to the defendant.

The trial court ruled that the language of the lease dated July 26, 1976, indicated an intent on the parties' part to exculpate the lessee of any and all liability for damage to or destruction of the leased premises by fire, regardless of whether the fire was caused by the lessee's negligence. On appeal plaintiffs, lessors, argue that at best the lease is ambiguous, and in view of the fact that a lessee has a common law responsibility for damages resulting from his negligence, and in view of the fact that the lessee drafted the lease, the ambiguities must be construed against the lessee, making the lessee liable for damages for the destruction of the building.

■■■■ Absent an express covenant to the contrary, a tenant bears a common law responsibility for damage to the demised premises resulting from his own negligence. (*Barr v. Cutler* (1978), 64 Ill. App. 3d 518, 520.) Where a lease does not expressly provide that a lessee is to be free from liability for fires resulting from his own negligence, the intent of the parties regarding the lessee's liability must be gleamed from considering the instrument as a whole. (*One Hundred South Wacker Drive, Inc. v. Szabo Food Services, Inc.* (1975), 60 Ill. 2d 312, 314; *Cerny-Pickas & Co. v. C. R. Jahn Co.* (1955), 7 Ill. 2d 393, 396.) In this case there is language in the lease dealing with the lessee's liability to the lessor in the case of fire, but that language is ambiguous, and we must consider the entire lease in order to determine the intent of the parties.

■■ Leases which contain a yield-back clause which specifically exempts fire damage as well as ordinary wear and tear from liability have been held to exculpate a lessee for fires caused by the lessee's negligence. (*Ford v. Jennings* (1979), 70 Ill. App. 3d 219, 221.) Where the yield-back clause is silent about fires, the entire contract has been scrutinized. (*Continental Casualty Co. v. Polk Brothers, Inc.* (1983), 120 Ill. App. 3d 395, 398.) In the instant case, while there is no clause requiring that the lessee return the premises in a certain condition, there is a clause which required the lessee to maintain the premises in a condition equal to that of the premises when turned over to him, excepting normal wear and tear. This clause does not expressly exculpate the lessee from liability for fires caused by his own negligence. At this point,

then, we consider the other clauses in the contract pertinent to this issue.

Plaintiffs rely heavily on language in the repair clause of the contract, which provides that "the lessee at his own expense will keep all improvements in good repair (injury by fire, or other causes beyond lessee's control excepted)" to argue that the use of the word "other" implies that the lessee will not be liable for fires only if they are beyond his control. We note that this same language was used by the parties in the case of *Cerny-Pickas & Co. v. C. R. Jahn Co.* (1955), 7 Ill. 2d 393, and yet the court held that the lessee was to be exculpated from all fires, even though caused by the lessee. However, in that case the yield-back clause required the premises to be returned in good condition and repair, with the exception of fire loss and ordinary wear and tear. Fire loss was not qualified so as to exempt the lessee only when it was fire loss beyond his control. Moreover, the court in that case looked to other provisions of the lease dealing with insurance allocation before determining that the parties' intent seemed to be that the lessor should look to his insurance for coverage due to fire loss. Likewise, in *Stein v. Yarnall-Todd Chevrolet, Inc.* (1968), 41 Ill. 2d 32, 34, the yield-back clause indicated that the premises were to be returned in as good condition as when the lessee took control except for ordinary wear and tear or damage "by fire or other casualty beyond lessee's control." While this provision might have implied that the lessee would be liable for damage which was within its control, the court focused on the provisions dealing with insurance and found that the lessor must look to its insurance for coverage. In *Stein* the court found "dominating expressions of intention" from the entire contract (see 41 Ill. 2d 32, 39) overriding the clause implying that the lessee was only exempt from liability for fires out of his control. Here, there is no contract provision requiring or implying that the lessor was to carry insurance on the building. Thus, we turn to consider the other provisions in this lease.

■ Plaintiffs point to an indemnification clause which requires the lessee to "protect, indemnify and save and keep harmless the Lessor against and from any and all loss[,] cost, damage or expense, arising out of or from any accident or other occurrence on or about the Premises, causing injury to any person or property whomsoever or whatsoever" to argue that it is clear that this provision alone mandates that the lessee be held responsible for all fires. The lessee argues that this clause was meant to protect the lessor only from claims made by third parties. While the language is far from clear, we cannot accept the lessee's interpretation of this clause as being necessarily reflective of the parties' intention. In fact, a similar provision has been held to indicate

that the lessee was to bear the loss suffered by the lessor due to an explosion. *Hartford Fire Insurance Co. v. Chicago Tunnel Terminal Co.* (1957), 12 Ill. App. 2d 539, 544.

■ Next, we note a provision which exempts the lessee from responsibility for structural maintenance and major electrical and plumbing repairs unless the repairs are required because of the lessee's negligence. We find this clause to be indicative of an intent on the part of the parties to delegate responsibility for damage due to the lessee's negligence to the lessee.

■ The final paragraph which touches on loss by fire indicates that if a fire renders the premises untenantable the landlord may terminate the lease or repair the premises. Upon destruction of the premises by fire, the same clause states that the term of the lease shall cease and determine. A similar provision was examined by the court in *Windsor at Seven Oaks v. Kelly* (1983), 113 Ill. App. 3d 978, and the court found the language in that clause indicative of an intent to exculpate the lessee from liability from all fires since the lessor's duty to repair was not contingent on whether the fire was caused by the lessee's negligence. While this provision alone might be consistent with an intention for the lessor to be responsible for all fires, every other pertinent clause in the parties' contract, while not clearly evident of an attempt to make the lessee liable, implies that the lessee is to be liable for negligently caused fires. Moreover, the parties stipulated that the lessee drafted the lease in this case, and to the extent that there is any ambiguity, it must be construed against the drafter. *Windsor at Seven Oaks v. Kelly* (1983), 113 Ill. App. 3d 978, 980.

The defendant lessee argues that to hold it liable would be against public policy since it does not have an insurable interest in the property. It has been held that a tenant has an insurable interest in the protection of a leasehold estate. (*Hansen v. Brunton* (1965), 56 Ill. App. 2d 154 (abstract of opinion).) At any rate, there is no indication here that the lessor carried insurance or was to obtain insurance coverage on the destroyed building. The parties' intent, as best as can be discerned from the contract provisions, was that the lessee should bear the loss upon fire due to his own negligence.

Judgment in favor of defendant, entered on the pleadings, was not proper in this instance, and this cause must be remanded for a full trial.

Reversed and remanded.

NASH, P.J., and HOPF, J., concur.