ROBERT W. SHERIDAN, d/b/a Robert W. Sheridan Management, Plaintiff-Appellant, v. COMP-U-MOTIVE, INC., *et al.*, Defendants-Appellees.

Second District No. 2—87—0884

Opinion filed April 15, 1988.

James J. Babowice, of Brydges, Riseborough, Morris, Franke & Miller, of Waukegan, for appellant.

Daniel P. Felix and Steven L. Larson, both of Wildman, Harrold, Allen & Dixon, of Waukegan, for appellees.

PRESIDING JUSTICE LINDBERG delivered the opinion of the court:

Plaintiff, Robert Sheridan, doing business as Robert W. Sheridan Management, appeals from a judgment of the circuit court of Lake County dismissing its complaint pursuant to a motion under section 2—619 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—619). Sheridan contends that the trial court erred in finding that the "yield back" clause in the lease absolved defendants from liability and argues that defendants should not be permitted to take advantage of a contract provision when defendants breached a separate provision.

Plaintiff leased a building at 2110 Grand Avenue in Waukegan, Illinois, to defendants, Comp-U-Motive, Inc., and Neal Stenlund, on January 9, 1986. Paragraph No. 4 of the lease stated:

"4. *** *Lessee will not keep* or use or permit to be kept or used in or *on the premises* or any place contiguous thereto *any flammable fluids* or explosives, *without the written permission* of Lessor first had and obtained." (Emphasis added.)

Paragraph No. 6 provided:

"6. Lessee *** shall yield the [premises] back to lessor upon the termination of this lease, whether such termination shall

occur by expiration of the term, or in any other manner whatsoever, in the same condition of cleanliness, repair and sightliness as at the date of the execution hereof, *loss by fire* and reasonable wear and tear *excluded.*" (Emphasis added.)

On July 4, 1986, a fire occurred in the building the defendants leased. The defendants notified plaintiff on August 2 that they would vacate the premises 72 hours after their insurance company advised them that they could remove their damaged property from the building. Defendants also informed plaintiff that they would not compensate the plaintiff for damages or loss of rentals caused by the fire.

Plaintiff filed a complaint in the circuit court of Lake County alleging that defendants breached the lease by keeping an open container of gasoline on the premises. Plaintiff also alleged that the gasoline was the cause of the fire and that he suffered $20,953 in damages. Defendants admitted in their answer that gasoline was on the premises the day the fire occurred but denied that the gasoline caused the fire.

Defendants then filed a motion to dismiss under section 2—619 (Ill. Rev. Stat. 1985, ch. 110, par. 2—619) alleging that plaintiff's claim was barred by affirmative matter, specifically, the exception to the "yield back" provision. The plaintiff moved to strike the motion on the grounds that it was not timely and that defendants did not withdraw their answer. This motion was denied, and defendants were permitted to withdraw their answer and pursue the motion to dismiss. After both parties filed briefs, the trial court dismissed the complaint, finding that the "yield back" clause absolved the defendants from any liability. This appeal ensued.

Plaintiff contends that: (1) defendants' motion to dismiss admits all well-pleaded facts in plaintiff's complaint; (2) plaintiff pleaded the fact that defendants kept flammable fluid on the premises without the written permission of plaintiff; (3) therefore, defendants breached the lease by violating paragraph No. 4 in that they kept flammable fluids on the premises; (4) the "yield-back" or "yield-up" provisions of paragraph No. 6 are ineffective because of defendants' breach of the lease; and (5) the trial court erred in granting defendants' motion to dismiss plaintiff's complaint on the grounds of the exception for fire loss in the yield-back clause.

Defendants contend that: (1) the instant lease is similar to that in *Cerny-Pickas & Co. v. C. R. Jahn Co.* (1955), 7 Ill. 2d 393, 131 N.E.2d 100, pursuant to the terms of which our supreme court held that a landlord cannot maintain an action for negligence against a tenant for a fire loss; (2) *Cerny-Pickas* also denied lessee-liability un-

der a theory of contract; (3) the "yield-back," or "yield-up," clause with its exception for fire loss in the instant case is virtually identical to that upheld in *Cerny-Pickas*; (4) while the lease in *Cerny-Pickas* specified that the lessor was to procure fire insurance, the instant lease does not so provide, but it has many provisions which "strongly support the conclusion" that the plaintiff in the instant case had the responsibility to obtain fire insurance; (5) defendants take issue with plaintiff's characterization of defendant as having "intentionally" started the fire; and (6) the yield-back clause demonstrates the intent of the lessor to waive rights of recovery against the lessee for the fire loss.

■ A motion to dismiss concedes all well-pleaded facts in the complaint. (*Ostendorf v. International Harvester Co.* (1982), 89 Ill. 2d 273, 433 N.E.2d 253; *Englehardt v. Triple X Chemical Laboratories, Inc.* (1977), 53 Ill. App. 3d 926, 369 N.E.2d 67.) A motion which alleges that the complaint should be dismissed because of "affirmative matter avoiding or defeating the claim" is a motion under section 2—619(a)(9) of the Code of Civil Procedure. (Ill. Rev. Stat. 1985, ch. 110, par. 2—619(a)(9).) The affirmative matter "must be something more than an assertion that the complaint fails to plead sufficient facts to state a cause of action [citation], or evidence offered to controvert a well-pleaded fact in the complaint." (*Stone v. McCarthy* (1987), 158 Ill. App. 3d 569, 576, 511 N.E.2d 780, 784.) The "affirmative matter" in this case is the exception for fire loss in the "yield back" provision of paragraph No. 6 in the instant lease.

Plaintiff's complaint alleged, among other things:

"6. That said lease agreement provides *inter alia* as follows:

'Lessee will not keep or use or permit to be kept or used in or on the premises or any place contiguous thereto, any flammable fluids or explosives, without the written permission of Lessor first had and obtained.'

7. That Defendants kept open flammables on the premises specifically gasoline.

8. That Plaintiff/Lessor was not informed and did not approve of Defendants' maintenance of gasoline on the premises.

* * *

13. That the various and foregoing actions of Defendants in maintaining flammable fluids on the premises without the written permission of Plaintiff/Lessor constitutes a breach of said lease agreement."

■ By its terms, a lease can terminate on an occurrence of a collateral event without further action by the parties, but the lease

must contain an express condition to have this effect; conversely, a lease may terminate by the lessor's prompt action on a forfeiture. (*Okey, Inc. v. American National Bank & Trust Co.* (1981), 96 Ill. App. 3d 987, 422 N.E.2d 221.) Paragraph No. 13 of the lease contains the lessor's remedies for a "breach of any covenant in this lease contained." The remedy is to terminate the lease. However, the record and complaint fail to disclose that plaintiff-lessor ever exercised his remedy even after knowledge of the breach of the keeping of flammable fluids. We conclude that pursuant to the terms of paragraph No. 13, plaintiff has waived the remedy the parties agreed upon for the lessee's breach of paragraph No. 6. See *Windsor at Seven Oaks v. Kelly* (1983), 113 Ill. App. 3d 978, 448 N.E.2d 251; see also *Leavitt v. Kostel* (1961), 32 Ill. App. 2d 313, 177 N.E.2d 882.

■ Since the circuit court appears to have relied solely upon *Cerny-Pickas & Co. v. C. R. Jahn Co.* (1955), 7 Ill. 2d 393, 131 N.E.2d 100, in granting defendant's motion, we must determine whether it was properly applied to the facts in the instant case. (*Englehardt v. Triple X Chemical Laboratories, Inc.* (1977), 53 Ill. App. 3d 926, 369 N.E.2d 67.) In the absence of an expressed covenant to the contract, a tenant is liable for damages to the leased premises resulting from the failure to exercise due care. *McGinnis ex rel. C.I.E. Service Corp. v. LaShelle* (1988), 166 Ill. App. 3d 131, 134, 519 N.E.2d 619; *Cerny-Pickas & Co. v. C. R. Jahn Co.* (1955), 7 Ill. 2d 393, 131 N.E.2d 100; *First National Bank v. G.M.P., Inc.* (1986), 148 Ill. App. 3d 826, 499 N.E.2d 1039.

Turning then to an analysis of the instant exception to the yield-back clause, our supreme court stated in *Cerny-Pickas*:

"The argument most strongly urged against exoneration of the lessee is that the lease does not in so many words provide that the lessee be free from liability for fires resulting from its own negligence. Of course, if the lease contains such an express provision, that would be the end of the matter. But because the contingency was not covered by express language, it does not follow that the instrument may not, when all of its provisions are considered, show that the parties themselves intended that the Lessee should not be liable. That determination is to be made upon a consideration of the instrument as a whole. [Citations.]" (7 Ill. 2d 393, 396, 131 N.E.2d 100, 102-03.)

The instant case is partially distinguishable from *Cerny-Pickas* in that the lessor agreed to pay for fire insurance in the lease in *Cerny-Pickas*, whereas in the instant case no such provision exists. The

only conclusion that the court in *Cerny-Pickas* drew from the provision for the lessor's purchase of insurance was that it demonstrated that the parties contemplated that there should be insurance coverage for both accidental and negligent fires. (7 Ill. 2d 393, 131 N.E.2d 100; see *McGinnis ex rel. C.I.E. Service Corp. v. LaShelle* (1988), 166 Ill. App. 3d 131, 519 N.E.2d 619.) The only mention of responsibility with respect to fire insurance is limited to the obligation to pay for any increase in the insurance premium due to the nature of lessee's business as in *Cerny-Pickas*. The court in *Cerny-Pickas* held that "[f]rom the lease as a whole we conclude that the lessee was not to be liable for loss by fire regardless of the cause of the fire, and that the parties intended that the lessor should look solely to insurance as compensation for damage caused by any kind of fire." (*Cerny-Pickas*, 7 Ill. 2d at 398, 131 N.E.2d at 103.) While it could be argued by plaintiff that the provision for the lessor to pay for insurance was a significant factor in the *Cerny-Pickas* decision, our reading of the case indicates that it was not. But see *Stein v. Yarnall-Todd Chevrolet, Inc.* (1968), 41 Ill. 2d 32, 35-36, 241 N.E.2d 439.

Our examination of the instant lease leads to the conclusion that the parties did not specify who was to procure fire insurance. (See *First National Bank v. G.M.P., Inc.* (1986), 148 Ill. App. 3d 826, 499 N.E.2d 1039.) Further, the fire loss exception was unconditioned, as in *Cerny-Pickas*. (*One Hundred South Wacker Drive, Inc. v. Szabo Food Service, Inc.* (1975), 60 Ill. 2d 312, 326 N.E.2d 400; *Ford v. Jennings* (1979), 70 Ill. App. 3d 219, 387 N.E.2d 1125.) If the parties had intended that the loss by fire through the lessee's negligence would not be an exception to the yield-back clause, they could have so provided. (*Stein v. Yarnall-Todd Chevrolet, Inc.* (1968), 41 Ill. 2d 32, 241 N.E.2d 439; *Englehardt v. Triple X Chemical Laboratories, Inc.* (1977), 53 Ill. App. 3d 926, 369 N.E.2d 67.) The other relevant provisions of the lease fail to give rise to an inference that the lessee was to be liable either under contract or negligence theories for loss by fire as he would be at common law. *Cerny-Pickas*, 7 Ill. 2d 393, 131 N.E.2d 100; *First National Bank*, 148 Ill. App. 3d 826, 499 N.E.2d 1039; *Windsor at Seven Oaks*, 113 Ill. App. 3d 978, 448 N.E.2d 251.

■ Therefore, we conclude that the trial court did not abuse its discretion in dismissing plaintiff's complaint. The yield-black clause with its unconditioned fire loss exception is a complete affirmative defense to plaintiff's complaint since plaintiff failed to exercise its right under the lease to terminate the lease (see *Windsor at Seven Oaks v. Kelly* (1983), 113 Ill. App. 3d 978, 979-80, 446 N.E.2d 251

(for defendants' violation of the covenant prohibiting the keeping of flammable fluids)).

The judgment of the circuit court of Lake County is affirmed.

Affirmed.

WOODWARD and UNVERZAGT, JJ., concur.