AMERICAN NATIONAL BANK AND TRUST COMPANY, Plaintiff-Appellant, v. EVELYN EDGEWORTH, n/k/a Evelyn Kurek, Defendant-Appellee.

First District (2nd Division)   No. 1—92—1197

Opinion filed June 29, 1993.

Galliani, Doell & Cozzi, Ltd., of Chicago (William R. Galliani and Patrick F. Healy, of counsel), for appellant.

Querrey & Harrow, Ltd., of Chicago (Julie L. Trester and Michael Resis, of counsel), for appellee.

JUSTICE SCARIANO delivered the opinion of the court:

On August 8, 1983, defendant Evelyn Edgeworth signed a lease to occupy a unit in an apartment building located in Justice, Illinois, and owned by plaintiff American National Bank and Trust Company. After the building was severely damaged by fire on December 18, 1983, plaintiff was reimbursed by its insurer, Aetna Life & Casualty Company (Aetna), for all of its damages in the amount of $592,282.73. In exchange, plaintiff released all of its claims against Aetna, and Aetna became subrogated to all rights which plaintiff might have against any third party as a result of such loss.

On December 17, 1986, plaintiff filed the instant lawsuit against defendant for all damage to the building caused by the fire. Count I of plaintiff's amended complaint, filed on March 15, 1989, alleged that defendant's negligent use, supervision and exercise of care of the premises caused the fire damage to the building. Count II charged that plaintiff was entitled to recover its damages based on defendant's negligence under the doctrine of res ipsa loquitur. Count III alleged that plaintiff was entitled to recover its damages due to defendant's breach of the written lease which required her to reimburse plaintiff for any repairs necessitated by her negligence. Finally, count

IV was based on defendant's willful and wanton negligence in that she allegedly permitted the use of illegal drugs on the premises.

In lieu of an answer, defendant filed a motion for summary judgment asserting that the lease exculpated her from any liability for negligently causing fire damage to the premises. After hearing argument, the trial court granted summary judgment in favor of defendant on all four counts of the complaint. Plaintiff's motion to reconsider was denied; this appeal followed.

I

The purpose of summary judgment is to determine if any genuine issue of triable fact exists (*Purtill v. Hess* (1986), 111 Ill. 2d 229, 240, 489 N.E.2d 867, 871), and generally, a motion for summary judgment should be granted only when the pleadings, depositions, admissions, and affidavits on file reveal that there is no genuine issue of material fact and that, accordingly, the moving party is entitled to judgment as a matter of law. (Ill. Rev. Stat. 1991, ch. 110, par. 2—1005(c); *Balla v. Gambro, Inc.* (1991), 145 Ill. 2d 492, 508, 584 N.E.2d 104, 112.) However, where a defendant files a motion for summary judgment, as opposed to a motion to strike or dismiss, in lieu of an answer, the trial court should consider whether the complaint, standing alone, states a cause of action, accepting all plaintiff's uncontradicted allegations as true, unless defendant establishes by affidavit that such allegations cannot be proven. (*Moore v. Pinkert* (1960), 28 Ill. App. 2d 320, 324-25, 171 N.E.2d 73, 74-75; accord *Metropolitan Sanitary District of Greater Chicago v. Anthony Pontarelli & Sons, Inc.* (1972), 7 Ill. App. 3d 829, 838-39, 288 N.E.2d 905, 911.) Because we review the grant of summary judgments *de novo* (*Joiner v. Benton Community Bank* (1980), 82 Ill. 2d 40, 411 N.E.2d 229; *Polak v. Person* (1992), 232 Ill. App. 3d 505, 509, 597 N.E.2d 810, 812), we must scrutinize the facts that were before the trial court in order to determine if the award was proper.

II

Defendant argues that plaintiff's complaint fails to state a cause of action because she and plaintiff intended that she be held harmless for any fire damage inflicted on the premises, whether it be caused by negligence or otherwise. Plaintiff does not, nor could it, successfully contest the fact that it was required by the lease to obtain fire insurance. It urges, however, that the parties did not intend to exculpate defendant for fire damage *negligently* inflicted on the building, as evidenced by the following provision of the lease:

"4. Nothing herein contained shall in the the event of fire, explosion, or other casualty impose on OWNER any obligation to make repairs greater or different from the provisions set forth in the paragraph 10 of this lease (Fire and Casualty). *** *In the event that any repair or replacement is necessitated by any negligence or wilfull act of TENANT, TENANT shall on demand reimburse OWNER for the cost thereof.* *** TENANT shall not suffer or commit any waste in and about the Apartment or the Building and shall at TENANT's expense keep the Apartment in good order and repair (except to the extent OWNER has in the Lease agreed to make repairs). On termination of this Lease, TENANT shall return the Apartment to OWNER in like condition, reasonable wear and tear excepted. If TENANT fails to keep the Apartment in such condition and repair, OWNER or OWNER's agent may enter and put the Apartment in good condition and repair. On demand TENANT shall pay OWNER the cost of such work." (Emphasis added.)

Our supreme court has previously considered the issue of whether a tenant can be held liable for negligently causing fire damage to leased premises. In the seminal case, *Cerny-Pickas & Co. v. C.R. Jahn Co.* (1955), 7 Ill. 2d 393, 131 N.E.2d 100, the court reversed a jury verdict, holding that as a matter of law the tenant could not be responsible for negligently causing fire damage to the apartment building. After finding that the lease between the parties contemplated that the landlord was to obtain fire insurance on the building, the court rejected the landlord's argument that the parties intended that the tenant was to remain liable for negligently caused fire damage, stating that "[i]t is more reasonable to assume *** that laymen would regard the word 'fire' as including all fires whether of negligent origin or otherwise." (*Cerny-Pickas*, 7 Ill. 2d at 397, 131 N.E.2d at 103.) The court further reasoned:

"Under the construction urged by the lessor it would be necessary for both parties to the lease to carry fire insurance if they are to be protected. The lessee would have to insure against fires due to his negligence, and the lessor against fires due to other causes. Whether the kind of policy the lessee would have needed was commercially available when the present lease was entered into is at best dubious." (*Cerny-Pickas*, 7 Ill. 2d at 398, 131 N.E.2d at 104.)

Finally, the court stated that the parties "consciously figured on the rentals to be paid by the tenant as the source of the fire insurance premiums and intended that the cost of insurance was to come from

the tenants," therefore, "[i]n practical effect the tenant paid the cost of the fire insurance." (*Cerny-Pickas*, 7 Ill. 2d at 398, 131 N.E.2d at 104.) Accordingly, the court held that, as a matter of law, the lease absolved the tenant of any liability for negligently causing fire damage to the apartment. *Cerny-Pickas & Co.*, 7 Ill. 2d at 398, 131 N.E.2d at 104; accord *Stein v. Yarnall-Todd Chevrolet, Inc.* (1968), 41 Ill. 2d 32, 241 N.E.2d 439; *Sheridan v. Comp-U-Motive, Inc.* (1988), 168 Ill. App. 3d 451, 522 N.E.2d 800; *Artoe v. Cap* (1986), 140 Ill. App. 3d 980, 489 N.E.2d 420; *Continental Casualty Co. v. Polk Brothers, Inc.* (1983), 120 Ill. App. 3d 395, 457 N.E.2d 1271; *Windsor at Seven Oaks v. Kelly* (1983), 113 Ill. App. 3d 978, 448 N.E.2d 251.

The supreme court recently revisited this issue in *Dix Mutual Insurance Co. v. LaFramboise* (1992), 149 Ill. 2d 314, 597 N.E.2d 622. In *Dix*, the lease between the landlord and the tenant contained nothing regarding fire insurance, and the only provision that might be considered to relate to that issue provided that " 'The Tenant will assume their [*sic*] own risk for their [*sic*] personal property and [the Landlord] will not be responsible for fire, wind, or water damage.' " (*Dix*, 149 Ill. 2d at 318, 597 N.E.2d at 624.) During the term of the lease, the tenant, with the landlord's approval, attempted to remove some paint with a power stripper, during which process the house was damaged by fire. (*Dix*, 149 Ill. 2d at 318, 597 N.E.2d at 624.) The landlord filed a claim with its insurance company in the amount of $40,579 and was subsequently reimbursed for the loss. (*Dix*, 149 Ill. 2d at 318, 597 N.E.2d at 624.) The insurance company then brought a subrogation action against the tenant in order to recover the amount of the fire loss allegedly caused by the tenant's negligence. (*Dix*, 149 Ill. 2d at 318, 597 N.E.2d at 624.) The trial court dismissed the insurance company's complaint, but the appellate court reversed. *Dix Mutual Insurance Co. v. LaFramboise* (1991), 213 Ill. App. 3d 292, 571 N.E.2d 1159.

The supreme court overturned the decision of the appellate court. It held first that the spirit of the lease at issue clearly manifested that the parties intended to place only minor duties on the tenant and that the landlord was to assume responsibility for insuring the premises against fire damage. (*Dix*, 149 Ill. 2d at 321, 597 N.E.2d at 625-26.) The court then reaffirmed the rule expressed in *Cerny-Pickas* which holds, as we have already noted, that where a landlord obtains fire insurance on the leased premises, the tenant is absolved of any liability for fires which were negligently as well as accidentally caused. (*Dix*, 149 Ill. 2d at 322, 597 N.E.2d at 626.) It explained:

" ' "Fire insurers expect to pay fire losses for negligent fires and their rates are calculated upon that basis; indeed, we may well assume that a great majority of fires are caused by someone's negligence in a greater or lesser degree." [Citations.]' [Citation.]

[Were we to adopt the insurance company's argument,] 'it would be necessary for both parties to the lease to carry fire insurance if they are to be protected. The lessee would have to insure against fires due to his negligence, and the lessor against fires due to other causes. *** The parties contemplated that the risk of loss by fire be insured against and we see no reason to suppose that they did not contemplate the customary insurance policy which covers both accidental and negligent fires.' [Citation.] ***

*** ' "The ancient law has been acquiesced in, and consciously or unconsciously, the cost of insurance to the landlord, or the value of the risk enters into the amount of rent." *** "They necessarily consciously figured on the rentals to be paid by the tenant as the source of the fire insurance premiums and intended that the cost of insurance was to come from the tenants. In practical effect, the tenant paid the cost of the fire insurance." ' [Citation.]" *Dix*, 149 Ill. 2d at 322, 597 N.E.2d at 626.

In light of these authorities, we must disagree with plaintiff's argument in the instant case that the fire insurance it purchased covered only fire damage which was caused accidentally to the premises. We are bound to follow the unequivocal holding of our supreme court that because it would be incongruous to require both the landlord and the tenant to obtain fire insurance on the same premises, and because the tenant in essence pays for the insurance out of his rent, the tenant, as a matter of law, is exculpated from liability for negligently causing fire damage to the building where the landlord procures insurance thereon, and the landlord must look solely to the insurer for reimbursement for such losses.

For all of the foregoing reasons, we affirm the trial court's grant of summary judgment in favor of defendant.

Affirmed.

McCORMICK, P.J., and HARTMAN, J., concur.